

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 11, 2025

**BY ECF**

The Honorable Richard J. Sullivan
United States Circuit Judge, Sitting by Designation
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Marlon Sisnero-Gil*, 15 Cr. 605 (**RJS**)

Dear Judge Sullivan:

    The Government respectfully submits this letter in the above-captioned matter in response to defendant Marlon Sisnero-Gil's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 261 (motion). The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. The motion rests on Part B, Subpart 1, of Amendment 821, which creates a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and are not subject to any of the ten exclusionary criteria listed in the new U.S.S.G. § 4C1.1.

    A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, and if the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance. For the reasons set forth below, the defendant's motion should be DENIED.

    Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

As the Probation Office states in the supplemental Presentence Investigation Report, the defendant appears to qualify for potential relief. (Dkt. 259 at 4). His revised Guidelines range, accounting for a two-level reduction in his offense level for his zero-point offender status, is 121-151 months' imprisonment (down from his original Guidelines range of 151-188 months). *Id.* at 4. The Court should nevertheless deny the motion. Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.

Accordingly, courts in this district have denied sentence reductions under Amendment 821 when the Section 3553(a) factors still supported the original sentence imposed. *See, e.g.*, *United States v. Hernandez*, No. 21 Cr. 519 (CS), Dkt. #65, at *1 (S.D.N.Y. Apr. 23, 2024) ("The conduct . . . is just too serious, particularly in the absence of any particularly mitigating factors. The factors that drove me to conclude that 63 months is the minimum that would serve the purposes of sentencing have not changed."); *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. No. 318, at *2-3 (S.D.N.Y. Mar. 4, 2024) ("For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence necessary" to meet 18 U.S.C. § 3553(a)(2)(A)-(B))*; United States v. Crute*, No. 19 Cr. 816 (VB), Dkt. No. 78, at *2 (S.D.N.Y. Feb. 20, 2024) ("To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims. This is not a step the Court is willing to take."); *United States v. Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3 (S.D.N.Y. Jan. 17, 2024) ("Defendant urges the Court to reduce his sentence by six months primarily because he has been a 'model inmate,' promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend. The Court commends Defendant for his good behavior and employment while incarcerated. Those factors are not enough, however, to justify a reduction of sentence in this case." (citations omitted)).[1]

---

[1] Many courts have likewise denied sentence reductions when previous Guideline amendments lowered the applicable sentencing ranges. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, although earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1160 (9th Cir. 2013) (reduction denied where, among other things, "the original sentence was needed to afford adequate deterrence" (internal quotation marks omitted)); *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008) (reduction denied due to disciplinary record in prison); *United States v. Suell*, No. 99 Cr. 324, 2008 WL 2845295, at *3 (N.D. Tex. July 17, 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed

Here, the Court should deny the defendant's motion because the sentencing factors of 18 U.S.C. § 3553(a)—including the seriousness of the offense, the history and characteristics of the defendant, and the need to promote deterrence and respect for the law, to protect the public, and to provide just punishment—continue to justify the original sentence. Of course, the narcotics offense for which the defendant was sentenced, which involved the distribution of more than 15 kilograms of cocaine, is very serious. (Dkt. 235 at 51 (the Court observing that "[t]his is a really serious crime . . . [cocaine is] a really powerful drug, that destroys a lot of lives and a lot of families.")). But it is the defendant's post-arrest conduct, which included repeated and sustained efforts to evade accountability for his criminal conduct, that is particularly troubling. After his arrest:

- The defendant lied to law enforcement, claiming not to know about the cocaine packages in his possession. (Dkt. 235 at 52);

- The defendant absconded to the Dominican Republic two days before his trial, in violation of his pretrial release conditions. The defendant remained a fugitive for nearly three years, while his sisters were left responsible for his $100,000 bond. It was only when Dominican authorities arrested the defendant at the request of U.S. law enforcement that he was returned to the U.S. (Dkt. 235 at 52-53);

- The defendant, after his re-arrest and return to the U.S., lied to the Government during a safety valve proffer about the circumstances of his flight to the Dominican Republic: he told the Government that his prior attorney had advised him to flee, which was untrue. (Dkt. 235 at 53-54).

The extreme lengths to which the defendant went to avoid accountability requires a substantial prison sentence, notwithstanding the two-point reduction in his Guidelines range. Indeed, the Court cited all of these events at the defendant's sentencing, noting that the defendant had "showed no respect for the law at all." (Dkt. 235 at 52). Notably, the Court observed that the defendant's post-arrest conduct was so serious that "a sentence above the guidelines range" of 151-188 months would have been "appropriate here"; that "there [were] good reasons to go above" the Guidelines range of 151-188 months; and that the record would "justify" an above-Guidelines sentence. (Dkt. 235 at 56). Nonetheless, evaluating all of the sentencing factors, including the defendant's lack of prior criminal history, the Court sentenced the defendant to a Guidelines sentence of 180 months. *Id.*

---

and the sentence was reduced); *United States v. Reynolds*, No. 95 Cr. 71, 2008 WL 2367254, at *3 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009); *United States v. Melton*, No. 98 Cr. 50, 2008 WL 1787045, at *2 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United States v. Craig*, No. 96 Cr. 105, 2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).

      Because, as the Court observed, the defendant's conduct would have justified a sentence above *188* months, and because the Court already accounted for the defendant's lack of criminal history in imposing the sentence, a reduction in the defendant's term of imprisonment is not warranted. The Court should deny the defendant's motion.

                             Respectfully submitted,

                             MATTHEW PODOLSKY
                             Acting United States Attorney

             By: s/_____
                   William C. Kinder
                   Assistant United States Attorney
                   (212) 637-2394

cc:    Marlon Sisnero-Gil (by U.S. Mail)